

ORDERED in the Southern District of Florida on August 25, 2016.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Merilien May & Yolaine Elieble           Case No. 15-28314-AJC
                                                 Chapter

            Debtor(s)
_____/


**ORDER GRANTING ATTORNEY-REPRESENTED DEBTOR'S VERIFIED "OUT OF TIME" MOTION FOR REFERRAL TO MORTGAGE MODIFICATION MEDIATION**

The Debtor filed the Attorney-Represented Debtor's Verified "Out of Time" Motion for Referral to Mortgage Modification Mediation ("Out of Time Motion") on August 3, 2016, and served it on the Lender in accordance with this Court's Mortgage Modification Mediation Program Procedures (select one):

__X__  The 14-day response time provided by the mediation program procedures has expired, no one has filed, or served on the movant, a response to the motion, and this form of order was attached as an exhibit to the motion.

____  The Lender has filed a Lender's Consent to participate in MMM.

\_\_\_\_    The Debtor filed a "Certificate of Contested Matter" and the Court conducted a hearing on _____.

It is **ORDERED** as follows:

1. The Motion is granted.

2. The Debtor and Lender are required to participate in Mortgage Modification Mediation ("MMM") in good faith. MMM shall be concluded not later than 150 days from the date of the Order, unless extended by written consent on the portal, by stipulation of the parties or by court order.

3. All communications and information exchanged during MMM are privileged and confidential as provided by Federal Rule of Evidence 408 and Chapter 44 of the Florida Statutes, and shall be inadmissible in any subsequent proceeding.

4. All written communication between the parties regarding the mediation must be sent through the approved Mortgage Modification Mediation Portal ("MMM Portal") only, unless otherwise ordered by the Court. Any litigated matters incidental to the mediation shall be considered as separate matters and not subject to the portal communication requirement.

5. The Lender (and Lender's counsel, if any) shall register with the MMM Portal, unless already registered, within seven days after entry of this Order, and designate its single point of contact and outside legal counsel, if any. If the Lender fails to register, the Debtor may file a motion with the Court seeking sanctions against the Lender for Lender's failure to register.

6. Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case.

7. Debtor's attorney shall, within seven days after the Debtor's Notice of Selection of Mortgage Modification Mediator (or Notice of Clerk's Designation of Mortgage Modification Mediator) is filed, or after confirming that the Lender is registered on the MMM Portal, whichever occurs later, remit to the MMM Portal the required non-refundable MMM Portal submission fee in the amount $40.00, and upload to the MMM Portal the following (collectively, the "Completed Package"):

    (a) Debtor's loan modification package (prepared using the Document Preparation Software);

    (b) A copy of this Order; and

    (c) Any additional lender-specific information identified by Lender on the MMM Portal.

8. The Lender shall, within seven days after Debtor's delivery of the "Completed Package", acknowledge receipt of Debtor's information and advise Debtor of any additional or missing information required for Lender to proceed with its review.

9. In the event the Lender requires additional or missing information to consider the Debtor's requested mortgage modification options as specified in the Motion, the Lender shall so notify Debtor through the MMM Portal within seven days of Debtor's submission ("Notice"). The

Debtor shall provide all additional documents through the MMM Portal within seven days of the Notice.

10. The Lender shall timely underwrite the loan modification request.

11. If the Lender transfers the loan, the Lender must provide a copy of the Order to the new holder of the loan ("Successor Lender"), and the Successor Lender will be obligated to comply with all terms of this Order.

12. **PROCESS FOR SELECTION OF MEDIATOR:**

    (a) The parties shall have 14 days from the date of this Order to select a mediator. If the parties agree on the selection of a mediator, the Debtor shall file the MMM Local Form " Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 1 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F).

    (b) If the Lender fails to communicate with the Debtor within the 14 day period established for the mediator selection process, the Debtor shall, within seven days, independently select a mediator and file the MMM Local Form "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 2 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). In this instance, it shall be deemed that the Lender has waived the right to challenge Debtor's selection of a mediator.

    (c)    If the parties attempt to reach agreement on the selection of a mediator, but fail to do so, the Debtor shall file the MMM Local Form "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 3 indicate an impasse), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). The clerk shall then randomly select a mediator from the clerk's Mediation Register pursuant to Local Rule 9019-2(B)(3), without the necessity of a hearing. The clerk shall serve notice of the mediator selection on the required parties using the MMM Local Form "Notice of Clerk's Designation of Mortgage Modification Mediator". Local Rule 9019-2(B) shall apply to any challenge to the Clerk's Designation of Mediator.

13. Debtor's attorney shall assign the mediator as the mediator in this case on the MMM Portal within seven days after designation.

14. The mediator shall:

    (a)    be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and shall have judicial immunity in the same manner and to the same extent as a judge;

    (b)    subject to paragraph 15 below, be compensated in the amount of $600.00 for preparation for MMM, execution of required documents, facilitation of document and information exchange between the parties, and participation in no more than two one-hour MMM conferences; and

    (c)    be compensated at the rate set by this Court's Local Rule 9019-2(6) for any MMM conferences that extend beyond the initial two one-hour conferences.

15. The mediator's fee shall be paid equally by the parties as follows:

    (a)    ☒ The Debtor shall pay a non-refundable fee in the amount of $300.00 directly to the mediator within seven days designation of the mediator; **OR**

            ☐ The Court finds that the Debtor qualifies for a mediator *pro bono*. The mediator shall notify the Court and the Debtor immediately by motion if the mediator is not willing to serve *pro bono* and state in the motion to be excused from *pro bono* mediation, the reasons why the mediator seeks to be excused.

    (b)    The Lender shall pay a non-refundable fee in the amount of $300.00 directly to the mediator within seven days after designation of the mediator.

    (c)    The mediator's fee for MMM conferences that extend beyond two, one-hour conferences, shall be paid equally by the parties (unless the Debtor is receiving pro bono mediation, in which case the Lender shall pay its half) and is due and payable at the beginning of each successive MMM conference in accordance with the program procedures.

16. The mediator shall log in to the MMM Portal within seven days after designation and use the MMM Portal to facilitate any additional exchange of information or documentation between Debtor and Lender in an effort to

perfect the documents needed for Lender to complete its analysis of Debtor's mortgage modification options.

17. If the mediator either fails to timely register or log in to the MMM Portal to begin to facilitate the MMM process, any party to the mediation may file a motion requesting that the mediator be removed from this case and, if applicable, be removed from the Clerk's Mediation Register.

18. **MEDIATION CONFERENCE:**

    (a) The mediator shall schedule the initial MMM conference no later than seven days after determining that the Lender has received and reviewed all requested information. In the event the mediator cannot determine that the Lender has received all the requested information, the mediator shall schedule the initial MMM conference within 90 days of this Order. The initial MMM conference shall not exceed one hour. The mediator shall report the scheduling of all MMM conferences on the MMM Portal.

    (b) The Lender and Lender's representative may participate in the MMM conference by telephone.

    (c) The Debtor and any co-obligors/co-borrowers or other third party may participate in the MMM conference by telephone provided they are physically present with Debtor's attorney and present identification to Debtor's attorney counsel during all MMM conferences.

    (d) Debtor shall provide a foreign language interpreter, if necessary, at the Debtor's own expense.

 (e) All parties attending the MMM conference must be ready, willing and able to sign a binding settlement agreement at the MMM conference and have the ability to scan, send and receive documents by facsimile, email or other electronic means at the time of the MMM conference.

19. In the event the parties are unable to reach an agreement and require an additional MMM conference, the mediator shall schedule a final MMM conference no later than 30 days thereafter. The final MMM conference shall not exceed one hour.

20. In the event the parties reach a final resolution or, if no agreement has been reached, the mediator shall report the results of the MMM on the MMM Portal not later than seven days after the conclusion of the final MMM conference. The mediator shall also complete and file with the Court, either conventionally or via CM/ECF, the MMM Local Form "Final Report of Mortgage Modification Mediator", within two business days following entry of the final report data on the MMM Portal.

21. If applicable, Debtor's attorney shall file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Mediation Agreement with Lender", no later than 14 days following the filing of the Final Report and upload the MMM Local Form "Order Granting Motion to Approve Mortgage Modification Mediation Agreement with Lender" to the Court's E-Orders program. The parties shall also seek any necessary Court approval and formalize any required legal documents in a timely fashion thereafter.

22. The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order.

23. [For chapter 7 debtors] Notwithstanding that the Debtor may be eligible for entry of a discharge before the MMM process is completed, the Court shall delay issuance of the discharge until either an agreement is reached or the parties reach impasse as reflected in the Local Form "Final Report of Mortgage Modification Mediator".

24. Any of the deadlines imposed by this Order may be extended by order of the Court.

25. If any parties or counsel fail to comply with the terms of this Order, the Court will consider a motion to vacate the Order and may also impose sanctions.

26. The Debtor's attorney shall serve a copy of this Order on all parties to the mediation, immediately upon receipt. Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known.

### 

Copies furnished to:

Lender PNC Mortgage
Lender's counsel Stefan Buege Esq.